**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:26-cv-00541-KES Date: July 30, 2026

Title: Colin Fletcher v. MCM AF Assets LLC

PRESENT:

THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE

| | |
|---|---|
| Jazmin Dorado<br>Courtroom Clerk | Not Present<br>Court Reporter |
| ATTORNEYS PRESENT FOR PLAINTIFF:<br>None Present | ATTORNEYS PRESENT FOR DEFENDANTD:<br>None Present |

**PROCEEDINGS (IN CHAMBERS):** **Order to Show Cause why Plaintiff's Counsel Should Not Be Sanctioned and the Case Dismissed**

On June 9, 2026, the Court issued an Order to Show Cause ("OSC") why the case should not be dismissed because Plaintiff had not filed a proof of service ("POS") for Defendant within 90 days, as required by Federal Rule of Civil Procedure 4(m). (Dkt. 7.) On June 16, 2026, Plaintiff responded to the OSC by requesting more time to complete service, telling the Court that he had tried to serve the sole Defendant, MCM AF Assets LLC, at the wrong address (i.e., 1309 Coffeen Avenue, STE 1200, Sheridan, WY) instead of the address of Defendant's registered agent (i.e., Company Sage Agents, LLC, 1095 Sugarview Drive, STE 100, Sheridan, WY). (Dkt. 9.)

The Court granted Plaintiff's request for more time, ordering Plaintiff to file a POS by July 16, 2026. (Dkt. 10.) When Plaintiff failed to do so, the Court ordered him to file a POS by July 31, 2026, or the case would be dismissed. (Dkt. 11.)

On July 29, 2026, Plaintiff filed a POS for Defendant. The POS, however, says that a clerical assistant, Chloe Ives, was served at the Sugarview Drive address on March 23, 2026 – several months before the Court's June OSC and Plaintiff's request for more time.

Per Local Rule 4-6, if Plaintiff actually served Defendant on March 23, 2026, then Plaintiff was required to file a POS no later than April 6, 2026, as follows:

> ***L.R. 4-6 Proof of Service.*** The plaintiff must file a proof of service within 14 days of service of the summons and complaint or receipt of a notice and acknowledgement of service. Failure to file a proof of service timely may result in the imposition of sanctions against the plaintiff, including but not limited to the dismissal of the defendant that was the subject of the proof of service.

Plaintiff failed to do so. Instead, when the Court inquired about the late POS, counsel told the Court that he needed more time to serve Defendant at the Sugarview Drive address, a representation that now appears to be false. (Dkt. 8, 9.)

By **August 7, 2026**, Plaintiff's Counsel shall show cause in writing why (1) he should not be sanctioned $100 payable to the District Court for the Central District of California and (2) this case should not be dismissed for (a) failure to comply with Local Rule 4-6; and (b) failure to provide a truthful explanation of why no POS was filed before June 8, 2026.

The Clerk is instructed to mail this order to Milan Capital Management, 701 S. Parker Street, Suite 5200, Orange, CA 92868. Plaintiff has requested entry of default against Defendant MCM AF Assets LLC. (Dkt. 13.)

Initials of Deputy Clerk jd